IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAURICE ROBINSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JRR-23-2167 |
| TENEILL WILSON, | * | |
| BRANDY STOCKSDALE, and | | |
| JOHNATHAN WILLIAMS, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

On August 10, 2023, self-represented plaintiff Maurice Robinson filed the above-captioned civil complaint against defendants Teneill Wilson, Brandy Stocksdale, and Johnathan Williams together with a Motion to Proceed in Forma Pauperis, which shall be granted. ECF Nos. 1-2. The Complaint alleges that: "Johnathan Williams under the direction of Teneill Wilson and Brandy Stocksdale have committed conspiracy. He abused his power. He held up my progress by having me do two service agreements. He also lied and said DSS wanted me to do a 3rd one to give my son mom a chance to do hers. Under conspiracy Mr. Williams kept my son . . . in the system when my son is no longer in need of assistance." *Id*. at 6. It appears that the dispute is an issue with Plaintiff's attempts to gain custody of his son, similar to a case he filed earlier this year against two of the same defendants. *See Robinson v. Basemoor, et al.*, Civil Action No. LKG-23-278 (D. Md.) at ECF No. 1. Robinson's prior case was dismissed for lack of jurisdiction. *Id*. at ECF Nos. 12, 13. For the reasons outlined below, this case must likewise be dismissed for lack of jurisdiction.

This Court has an obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such

a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

District courts are of limited jurisdiction, hearing cases or controversies as established by federal statute. The Court may adjudicate claims that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (federal question jurisdiction). Additionally, the Court may hear an action where parties are citizens of different states and the amount-in-controversy exceeds $75,000. *See* 28 U.S.C. § 1332 (diversity jurisdiction); *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

While Robinson provides few details regarding his claims, he appears to be disputing decisions made in a child custody case regarding his son. ECF No. 1 at 6. As the basis for jurisdiction, Robinson cites 18 U.S.C. § 241 and 18 U.S.C. § 1821. Neither of these statutes

confers a private cause of action. Furthermore, matters of family law have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under the domestic relations exception to federal jurisdiction, federal courts do not have the power to intervene with regard to child custody or visitation decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703-05 (1992).

Robinson's claims regarding his child custody case do not confer federal jurisdiction. Nor does the Complaint demonstrate the existence of diversity jurisdiction; Robinson and all defendants appear to be citizens of Maryland. ECF No. 1 at 4-5. *See* 28 U.S.C. § 1332(a)(1). Without a jurisdictional basis for suit in federal court, Robinson's claims cannot proceed. The federal rules require dismissal anytime there is a determination that jurisdiction does not exist. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, this Court must dismiss the complaint for lack of subject matter jurisdiction. This dismissal does not prejudice Robinson's right to present his claims in the Maryland state courts.

A separate Order follows.

   10.19.23_____                                      /S/_____
Date                                                           Julie R. Rubin
                                                                 United States District Judge